# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AO PRECISION MANUFACTURING LLC and GALION LLC,**

      **Plaintiffs,**

**v.**                                                           **Case No:   6:14-cv-1203-Orl-31GJK**

**HIGH STANDARD MANUFACTURING COMPANY, INC. and ALAN ARONSTEIN,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Remand (Doc. 7) filed by the Plaintiffs and Defendants' Response to Plaintiffs' Motion for Remand (Doc. 12) ("Response").

    **I.**    **Background**

Defendant Alan Aronstein, President of High Standard Manufacturing Company, Inc. ("High Standard"), completed a credit application for purchase of parts from AO Precision Manufacturing, LLC ("AO Precision") (Doc. 2-2) ("Credit Application"). The Credit Application includes a venue selection clause specifying Volusia County, Florida as the appropriate venue for resolution of disputes. Plaintiffs, AO Precision and Galion, LLC ("Galion"), brought suit in Volusia County, Florida. Defendants High Standard and Aronstein timely removed this case to the United States District Court of the Middle District of Florida, Orlando Division, based on diversity jurisdiction. Plaintiffs now object to the removal and ask the Court to remand the case to the Volusia County Circuit Court based on the venue selection clause. Galion is not a party to the Credit

Application, and its arguments for remand based on the Credit Application are a source of confusion within the pleadings.

## II. Legal Standards

### a. *Sua Sponte* Severance of Improperly Joined Parties

The joinder of multiple plaintiffs in an action is permitted if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [and] sever any claim against any party." Fed. R. Civ. P. 21.

In determining whether two plaintiffs are properly joined, courts in this circuit apply a logical relationship test to give meaning to the first requirement of Rule 20 that all claims regard or arise from the same transaction or occurrence. *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). A "logical relationship" exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim. *Id.*; *see also DIRECTV, Inc. v. Brown*, No. 6:03-CV-234-Orl-22KRS, 2003 WL 25569731 (M.D. Fla. May 22, 2003) (holding that, even assuming arguendo that the factual backgrounds of the Defendants were similar, unrelated, independent purchases of different items from different manufacturers do not constitute the same transaction or occurrence, or series of transactions or occurrences).

### b. Remand

The general removal statute, 28 U.S.C. § 1441, provides in pertinent part that, except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which

the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(a), (b).

Removal statutes are to be construed narrowly, with any uncertainties to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson,* 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). The Eleventh Circuit has held, in the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver. *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1261 (11th Cir. 1999). Construction of a forum selection clause is a matter of federal common law. *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003). Under federal common law, forum selection clauses are to be interpreted by reference to "ordinary contract principles" and are presumptively valid absent some evidence of inequitable conduct. *Snapper,* 171 F.3d at 1261. *See also Rucker v. Oasis Legal Finance, LLC,* 632 F.3d 1231, 1236 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009)). Thus, a forum selection clause will only "be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Slater v. Energy Servs. Group Int'l, Inc.,* 634 F.3d 1326, 1331 (11th Cir.2011) (quoting *Krenkel,* 579 F.3d at 1281). The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause.

*Rucker,* 632 F.3d at 1236.

### III. Analysis

#### a. Severance of Galion

Galion's claims against High Standard are not related to AO's unpaid transactions (*See* Docs. 2-1, 2-3). There is no support for or explanation of the bare assertion that Galion is an "affiliated company of AO." ("Amended Complaint") (Doc. 2, ¶ 2). Regardless, the fact that Galion is an "affiliated" company alone is not sufficient to permit joinder when separate transactions are involved. Furthermore, the disputed Credit Application does not mention Galion at all and includes no personal guarantee running from Aronstein and High Standard to Galion. Because there is no common transaction, occurrence, or series of transactions among the Plaintiffs' various claims, the Court finds that Galion was improperly joined. Thus, Galion shall be *sua sponte* severed from the proceedings, with all of its claims against High Standard to be dismissed without prejudice.

#### b. Remand to State Court

At issue is whether the venue selection clause in the Credit Application requires this dispute to be adjudicated in Volusia County, Florida. While Defendants argue a contract was not formed because AO Precision never signed it, it is clear from the language of the document and the alleged conduct which followed its execution by the Defendants that both parties manifested an intent to be bound. A "valid contract arises when parties' assent is manifested through written or spoken words, or 'inferred in whole or in part from the parties' conduct.' " *L&H Const. Co., Inc. v. Circle Redmont, Inc.*, 55 So.3d 630, 634 (Fla. Dist. Ct. App. 2011) (quoting *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting, Co.*, 695 So.2d 383, 385 (Fla. Dist. Ct. App. 1997)) (finding an enforceable agreement based on actions of parties, despite lack of a signed document). According to the Amended Complaint and the attached documentation, after receiving the completed Credit

Application from Aronstein/High Standard, AO Precision delivered the specified goods based on credit, and High Standard accepted those goods.[1] AO Precision's lack of signature on the Credit Application does not negate the existence of a contract.

Defendants also contend that, if a binding agreement was formed, then only Aronstein was bound because he was the only party to sign the application. In *Falsten Realty Co. v. Kirksey*, 137 So. 267, 270 (Fla. 1931), the Supreme Court of Florida made a determination regarding who was bound by a contract by looking at the whole instrument—accordingly, the simple fact of a party subscribing an official name will not avoid individual contractual obligations. *See also Manufacturer's Leasing, Ltd. v. Florida Development & Attractions, Inc.*, 330 So.2d 171, 172 (Fla. 1976) (stating common law rule that the addition of an official designation, such as "President," does not defeat personal liability if the body of the instrument has language binding on the entity and the individual); *Great Lakes Products, Inc. v. Wojciechoski*, 878 So.2d 418, 419 (Fla. Dist. Ct. App. 2005) (holding that a signature made in a representative capacity defeats neither personal liability nor corporate liability). Here, Aronstein signed the Credit Application as "President," yet also filled in High Standard's company information as the "customer" to receive parts. The "undersigned" is referred to in both the Credit Application and personal guarantee portions of the application. Further, Aronstein's personal guarantee makes no sense, absent the credit which was extended to High Precision. (Doc. 2-2).

Defendants' response to Plaintiffs' Motion to Remand offers no argument against the validity of the venue selection clause in the personal guarantee. When a venue and jurisdiction

---

[1] The attachments to the Amended Complaint include itemized purchase orders, sales order acknowledgements, and invoices. (*See* Doc. 2-1). The Defendants' opposition to remand does not contest the authenticity of these documents; rather, Defendants simply argue the contract was not binding because AO Precision never signed it.

designation clause in a contract, agreed to by the parties, provides that venue "shall be" in a Florida county with no federal courthouse in that county, the clause precludes removal to federal court. *See Global Satellite Communication Co. v. Starmill U.K., Ltd.*, 378 F.2d 1269 (11th Cir. 2004); *see also Atlantic Marine Const. Co., Inc. v. U.S Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 581 (2013) (stating that a district court should ordinarily transfer a case to the forum specified in an valid, agreed upon forum selection clause). The clause agreed to in the personal guarantee states that venue shall be in Volusia County, Florida, a county with no federal courthouse. Thus, in accordance with the venue selection clause, the action will be remanded.

It is hereby

**ORDERED** that Galion is severed as a party to this action; counts 6-9 of the Amended Complaint are dismissed without prejudice to Galion; and Plaintiffs' Motion for Remand (Doc. 7) is **GRANTED**. This case is **REMANDED** to the 7th Judicial Circuit in and for Volusia County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 6, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party